CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/15/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
         DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **LEEQUAN MCLAURIN** § § § **Plaintiff,** § v. § § **LIBERTY UNIVERSITY** § SERVE: Registered Agent § David M. Corry § 1971 University Blvd., § Lynchburg, VA 24515 § § **Defendant.** | **CIVIL ACTION NO.** 6:21CV00038 **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff LeeQuan McLaurin ("Plaintiff"), by and through his attorneys, brings this action for damages and other legal and equitable relief from Defendant, Liberty University ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("§ 1981"), The Virginia Human Rights Act, Va. Code Ann. §§ 2.2-3905 *et seq.,* and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendant for acts of sex discrimination, religious discrimination, race discrimination, and retaliation. Defendant's acts of discrimination are in violation of Title VII and any other causes of action that can be inferred from the facts set forth herein.

2. Defendant employed Mr. McLaurin at its university in Lynchburg, VA. Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to discrimination based on sex, race, religion, and in retaliation for engaging in activity protected under Title VII.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices and conducts business in this district.

## PARTIES

6. Plaintiff McLaurin is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a resident of Virginia.

7. At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII.

8. Defendant's address is 1971 University Blvd., Lynchburg, VA 24515. Upon information and belief, Defendant employs over one thousand (1000) persons.

9. During all relevant times, Defendant has been an employer covered by Title VII.

10. Defendant transacted and continues to transact business in Virginia by, among other things, employing persons at that university located within Virginia and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

11. Plaintiff has timely filed a charge of discrimination with the EEOC.

12. Plaintiff who has herein alleged claims pursuant to Title VII has received his Notice of Right to Sue from the EEOC within ninety (90) days prior to the filing of this Complaint.

## STATEMENT OF FACTS

13. Plaintiff LeeQuan McLaurin ("Mr. McLaurin"), a Black gay Christian, worked as an Associate Director of Student Engagement and the Director of Diversity Retention at Liberty University ("Liberty") from July 2018 to June 2020.

14. During his employment Mr. McLaurin was subjected to discrimination based on his status as a Black gay Christian man by senior management.

15. For example, in March 2020, Mr. McLaurin's supervisor yelled at him for not sharing his interpretation of Christianity that condemned homosexuality. Mr. McLaurin's supervisor demanded that he profess an understanding that God hates LGBTQIA+ people. When Mr. McLaurin refused, his supervisor became increasingly agitated and accused him of having a secret "agenda" to advocate for LGBTQIA+ students on campus. Further, Mr. McLaurin's supervisor shouted at him for including LGBTQIA+ identities in a Liberty University cultural competency training. He also insisted that LGBTQIA+ students did not deserve help from Mr. McLaurin or his office.

16. Additionally, Mr. McLaurin's supervisor yelled at him because Mr. McLaurin refused to define his personal religious beliefs upon request. Mr. McLaurin's supervisor insisted that it was his right to know them because he was his "boss, and you have to tell me."

17. In November 2019, Mr. McLaurin's supervisor told him that homophobia did not exist at Liberty University and that he and other members of the LGBTQIA+ community should be happy that Liberty "allowed" them to be there. Because of this incident, the conversation Mr. McLaurin had with his supervisor in March 2020, and additional hostilities, Mr. McLaurin sought assurance in May 2020 from Human Resources personnel that his job was safe even though he was gay. HR said he "should be prepared for whatever may happen."

18. There were stark disparities between Mr. McLaurin's pay rate and those of other similarly situated employees. When Mr. McLaurin began his employment, he was paid $47,500 annually while fulfilling the job duties of two vacant director roles. Mr. McLaurin worked these additional roles under the premise perpetuated by his supervisor that if he fulfilled the duties effectively, he would eventually be promoted. However, Mr. McLaurin never received compensation for his additional duties. Eventually Mr. McLaurin was offered the position of Director of Diversity Retention at a lower salary than his predecessor in the same role who had fewer responsibilities. Mr. McLaurin was offered $52,000 while his predecessor, a cisgender Hispanic, was offered $60,000.

19. Though Mr. McLaurin declined the position due to the pay disparity, in or around February 2020 Liberty University unilaterally assigned him to it. Mr. McLaurin wrote to his supervisor about the pay disparity, but nothing was ever done to address it. Mr. McLaurin simply received a hollow promise that so long as he did his job effectively his salary would be increased.

Due to Mr. McLaurin's financial hardships at that time, he was forced to stay in this new position. His salary never changed.

20. Additionally, Mr. McLaurin was used by Defendants as a token representative of the Black community without his consent. For example, his email and likeness were used to send out mass invitations to a campus event called "Blexit" in which the far-right influencer Candace Owens encouraged Black people to leave the Democratic party. During this event, Liberty University forced Mr. McLaurin to stand among mostly white students and coworkers, chant racially charged language, and encourage Blacks to leave the Democratic Party. Because of this treatment, Mr. McLaurin was publicly humiliated and castigated by students and employees for appearing to support Candace Owens and Blexit.

21. Mr. McLaurin went to HR multiple times about these issues, including in May 2019 and January 2020, but nothing was done. After these meetings Mr. McLaurin was routinely excluded from meetings about diversity on Liberty University's campus, directly impacting Mr. McLaurin's role as the Director of Diversity Retention and his ability to adequately perform his work.

22. In response to Liberty University's discrimination, Mr. McLaurin sought out professional therapy and medication for his depression, stress, and struggle with suicidal thoughts. Ultimately, he was constructively discharged due to all of the discriminatory treatment on June 2, 2020.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Intersectional Discrimination)

23. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

24. The conduct alleged herein violates Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff was subjected to a hostile work environment and disparate terms and conditions of employment due to intersectional discrimination based on sex (sexual orientation), race, and religion.

25. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Discrimination Based on Religion)

26. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

27. Due to Plaintiff's religious beliefs, Defendant subjected Plaintiff to discrimination on account of religion, including but not limited to harassment based on religion.

28. The conduct alleged herein violates Section 703 of Title VII of the Civil Rights Act of 1964, amended, 42 U.S.C §§ 2000e et seq.

29. Plaintiff's requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Discrimination Based on Sex)

30. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

31. Due to Plaintiff's sexual orientation, Defendant subjected Plaintiff to discrimination based on sex, including but not limited to sexual orientation harassment and disparate terms and conditions of employment. The conduct alleged herein violates Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e et seq., as Defendant has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

6

32. Plaintiff's requests for relief are set forth below.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
## Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
## (Discrimination Based on Race)

33. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

34. The conduct alleged herein violates Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e et seq., as Defendant has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

35. Due to Plaintiff's race, Black, Defendant subjected Plaintiff to discrimination, including but not limited to a hostile work environment and disparate terms and conditions of employment. Plaintiff's requests for relief are set forth below.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
## Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
## (Retaliation)

36. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

37. Plaintiff lodged complaints with Defendant regarding the discrimination and hostile work environment to which he was subjected, and as such, engaged in protected activity under Title VII.

38. Defendant retaliated against Plaintiff by, among other things, further harassing Plaintiff.

39. The conduct alleged herein violates Section 704 of Title VII of the Civil Rights Act of 1964, amended, 42 U.S.C §§ 2000e et seq.

40. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.*
### (Disparate Treatment Discrimination (Intentional Discrimination) on Account of Race)

41.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraph above, as if fully set forth herein.

42.     The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.*, as Defendant engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

43.     Due to Plaintiff's race, Defendant subjected Plaintiff to discrimination as it relates including but not limited to a hostile work environment and disparate terms and conditions of employment.

44.     Plaintiff's requests for relief are set forth below.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF
### The Virginia Human Rights Act, Va. Code Ann. §§ 2.2-3905 *et seq.*

45.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

46.     The conduct alleged herein violates the Virginia Human Rights Act, as amended, Va. Code Ann. §§ 2.2-3905 *et seq.*, as Plaintiff was subjected to a classification on the basis of sex, race, and religion. Further, Plaintiff was retaliated against after complaining of this treatment to the HR department.

47.     Plaintiff's requests for relief are set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

   A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended,

8

42 U.S.C. §§ 2000e *et seq.*, the Virginia Human Rights Act, as amended, Va. Code Ann §§2.2-3905 *et seq.*.;

B. All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits they would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendant's employees;

I. Training of all employees regarding racial, religious, and sexual discrimination, including the reporting procedures for reporting such discrimination, conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any employee who engages in unlawful discrimination,

K. Active monitoring of the work areas to ensure compliance with discrimination policies;

L. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: July 15, 2021

Respectfully submitted,

Bernard J. DiMuro (VSB #18784)
DIMURO GINSBERG, PC
1101 King Street, Suite 610
Alexandria, Virginia 22314
Tel: (703) 684-4333
bdimuro@dimuro.com

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
**ELLWANGER LAW LLLP**
400 S. Zang Blvd. Ste. 1015
Dallas, TX 75208
Telephone: (469) 998-6775
Facsimile: (469) 998-6775