IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **LEEQUAN MCLAURIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 6:21cv00038 |
| | ) |
| **LIBERTY UNIVERSITY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT

Defendant Liberty University, Inc. ("Liberty"), by counsel, for its Answer and Affirmative and other Defenses to the Complaint filed by Plaintiff LeeQuan McLaurin ("Mr. McLaurin"), states as follows:

1. In response to the allegations in Paragraph 1 of the Complaint, Liberty admits that Mr. McLaurin purports to seek damages from Liberty for alleged acts of discrimination pursuant to Title VII of the Civil Rights Act ("Title VII") and other causes of action, but denies all remaining allegations in Paragraph 1 (including both the allegation that Liberty violated Title VII or any other law, and the allegation that Mr. McLaurin is somehow entitled to any relief).

2. In response to the allegations in Paragraph 2 of the Complaint, Liberty admits that it employed Mr. McLaurin at its university in Lynchburg, Virginia. Liberty denies all remaining allegations in Paragraph 2.

3. The allegations in Paragraph 3 of the Complaint consist of jurisdictional statements to which no response is necessary. To the extent a response is deemed required, Liberty denies that any acts or omissions giving rise to a cause of action in favor of Mr. McLaurin have occurred.

4. The allegations in Paragraph 4 of the Complaint consist of jurisdictional statements to which no response is necessary. To the extent a response is deemed required, Liberty denies that any acts or omissions giving rise to a cause of action in favor of Mr. McLaurin have occurred.

5. The allegations in Paragraph 5 of the Complaint consist of venue-related statements to which no response is necessary. To the extent a response is deemed required, Liberty denies that any acts or omissions giving rise to a cause of action in favor of Mr. McLaurin have occurred.

6. In response to the allegations in Paragraph 6 of the Complaint, Liberty denies that Mr. McLaurin has been aggrieved by any actions of Liberty. Liberty further lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted, and, therefore, such allegations are denied.

7. In response to the allegations in Paragraph 7 of the Complaint, Liberty admits that it employed Plaintiff in Lynchburg, Virginia. Liberty asserts that Mr. McLaurin is a "minister" within the ministerial exception to Title VII and, therefore, Title VII does not apply to the decisions and conduct surrounding his employment with Liberty. Liberty denies all remaining allegations in Paragraph 7.

8. Liberty admits the allegations in Paragraph 8 of the Complaint.

9. Liberty admits the allegations in Paragraph 9 of the Complaint.

10. Liberty admits the allegations in Paragraph 10 of the Complaint.

11. In response to the allegations in Paragraph 11 of the Complaint, Liberty admits that Mr. McLaurin filed a Charge of Discrimination with EEOC. Liberty denies that the Charge was "timely" as to all of the allegations contained in the Complaint or that all charges of discrimination in the Complaint have been filed with the EEOC.

12. In response to the allegations in Paragraph 12 of the Complaint, Liberty admits that Mr. McLaurin filed a Charge of Discrimination and that EEOC issued a Notice of Right to Sue on said Charge. Liberty lacks knowledge or information sufficient to form a belief as to when Mr. McLaurin received such Notice, and, therefore, such allegations are denied.

13. In response to the allegations in Paragraph 13 of the Complaint, Liberty lacks knowledge or information sufficient to form a belief as to how Mr. McLaurin identifies his race and sexual orientation, and, therefore, such allegations are denied. Liberty admits that Liberty employed Mr. McLaurin from July 2018 to June 2020, and that during various periods of his employment, Mr. McLaurin held the titles of Associate Director of Student Engagement and the Director of Diversity Retention. Liberty denies all remaining allegations in Paragraph 13.

14. Liberty denies the allegations in Paragraph 14 of the Complaint.

15. Liberty denies the allegations in Paragraph 15 of the Complaint.

16. Liberty denies the allegations in Paragraph 16 of the Complaint.

17. In response to the allegations in Paragraph 17 of the Complaint, Liberty admits that Mr. McLaurin had a meeting with Human Resources in May, 2020. Liberty denies all remaining allegations in Paragraph 17.

18. In response to the allegations in Paragraph 18 of the Complaint, Liberty admits that, when Mr. McLaurin began his employment, he was paid $47,500 annually and that he was paid $52,000 annually as Director of Diversity Retention. Liberty denies all remaining allegations in Paragraph 18.

19. In response to the allegations in Paragraph 19 of the Complaint, Liberty admits that Mr. McLaurin was placed in the role of Director of Diversity Retention in February, 2020. Liberty denies all remaining allegations in Paragraph 19.

20. Liberty denies the allegations in Paragraph 20 of the Complaint.

21. In response to the allegations in Paragraph 21 of the Complaint, Liberty admits that Mr. McLaurin had multiple meetings with Human Resources. Liberty denies all remaining allegations in Paragraph 21.

22. In response to the allegations in Paragraph 22 of the Complaint, Liberty lacks knowledge or information sufficient to form a belief as to the truth of Mr. McLaurin's allegations that he sought therapeutic and medical treatment and the reasons for doing so, and, therefore, such allegations are denied. Liberty denies all remaining allegations in Paragraph 22.

23. In response to the allegations in Paragraph 23 of the Complaint, Liberty admits Mr. McLaurin is a member of a protected class. Liberty hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

24. The allegations in Paragraph 24 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, such allegations are denied.

25. In response to the allegations in Paragraph 25 of the Complaint, Liberty denies that Mr. McLaurin is entitled to any relief, and demands strict proof thereof. Liberty denies all remaining allegations in Paragraph 25.

26. In response to the allegations in Paragraph 26 of the Complaint, Liberty admits Mr. McLaurin is a member of a protected class. Liberty hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

27. Liberty denies the allegations in Paragraph 27 of the Complaint.

28. The allegations in Paragraph 28 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, such allegations are denied.

29. In response to the allegations in Paragraph 29 of the Complaint, Liberty denies that Mr. McLaurin is entitled to any relief, and demands strict proof thereof. Liberty denies all remaining allegations in Paragraph 29.

30. In response to the allegations in Paragraph 30 of the Complaint, Liberty admits Mr. McLaurin is a member of a protected class. Liberty hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

31. Liberty denies the allegations in Paragraph 31 of the Complaint that it discriminated against Mr. McLaurin based upon his sex. The remaining allegations in Paragraph 31 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, such allegations are denied.

32. In response to the allegations in Paragraph 32 of the Complaint, Liberty denies that Mr. McLaurin is entitled to any relief, and demands strict proof thereof. Liberty denies all remaining allegations in Paragraph 32.

33. In response to the allegations in Paragraph 33 of the Complaint, Liberty admits Mr. McLaurin is a member of a protected class. Liberty hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

34. The allegations in Paragraph 34 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, such allegations are denied.

35. In response to the allegations in Paragraph 35 of the Complaint, Liberty denies that Mr. McLaurin is entitled to any relief, and demands strict proof thereof. Liberty denies all remaining allegations in Paragraph 35, including, specifically, the allegation that Liberty discriminated against Mr. McLaurin based on his race.

36. In response to the allegations in Paragraph 36 of the Complaint, Liberty admits Mr. McLaurin is a member of a protected class. Liberty hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

37. Liberty denies the allegations in Paragraph 37 of the Complaint.

38. Liberty denies the allegations in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, such allegations are denied.

40. In response to the allegations in Paragraph 40 of the Complaint, Liberty denies that Mr. McLaurin is entitled to any relief, and demands strict proof thereof. Liberty denies all remaining allegations in Paragraph 40.

41. In response to the allegations in Paragraph 41 of the Complaint, Liberty admits Mr. McLaurin is a member of a protected class. Liberty hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

42. The allegations in Paragraph 42 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, such allegations are denied.

43. Liberty denies the allegations in Paragraph 43 of the Complaint that it discriminated against Mr. McLaurin based upon his race. Liberty denies all remaining allegations in Paragraph 43.

44. In response to the allegations in Paragraph 44 of the Complaint, Liberty denies that Mr. McLaurin is entitled to any relief, and demands strict proof thereof. Liberty denies all remaining allegations in Paragraph 44.

45. In response to the allegations in Paragraph 45 of the Complaint, Liberty admits Mr. McLaurin is a member of a protected class. Liberty hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

46. The allegations in Paragraph 46 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, such allegations are denied including, specifically, the allegation that Liberty subjected Mr. Laurin to classification based on his sex, race and religion, and that Liberty retaliated against him.

47. In response to the allegations in Paragraph 47 of the Complaint, Liberty denies that Mr. McLaurin is entitled to any relief, and demands strict proof thereof. Liberty denies all remaining allegations in Paragraph 47.

48. In response to the allegations following Paragraph 47 of the Complaint and in Sub-Paragraphs A through L under the heading, "PRAYER FOR RELIEF" and its paragraph beginning with "WHEREFORE," Liberty asserts that the prayer for relief is not a factual allegation to which a response is required. To the extent a response may be deemed required, Liberty denies that any damages, injunctive relief, reinstatement, or costs are appropriate in this case, and denies further all allegations in the "WHEREFORE" clause. Moreover, Liberty denies both that it violated any law and that Mr. McLaurin is entitled to any form of relief.

Liberty denies all allegations in Mr. McLaurin's Complaint that it has not expressly admitted in this Answer, and reserves the right to amend this pleading as necessary.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to Mr. McLaurin's Complaint, Liberty sets forth the following affirmative and other defenses:

### FIRST DEFENSE (Ministerial Exception)

Mr. McLaurin's Complaint, and each cause of action therein, is barred in its entirety based upon the ministerial exception as outlined in *Hosanna-Tabor Evangelical Lutheran Church & Sch. V. EEOC*, 565 U.S. 171 (2012) and *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S.Ct. 2049 (2020), and other supporting case law.

### SECOND DEFENSE (First Amendment to the U.S. Constitution and Article 1 of the Virginia Constitution)

Mr. McLaurin's Complaint and each cause of action therein, is barred in its entirety by the Free Exercise of Religion Clause contained in the First Amendment to the United States Constitution and Article 1, Section 16 of the Constitution of Virginia, to the extent that such claims are inconsistent with Liberty's constitutionally-guaranteed and -protected religious liberty.  In particular, although Liberty denies that it discriminated against Mr. McLaurin based upon his sex or sexual orientation, Liberty's right to engage in the free exercise of its sincerely held religious beliefs constitutes a defense to Mr. McLaurin's claim of discrimination on the basis of his sexual orientation.

### THIRD DEFENSE (Religious Freedom Restoration Act and Virginia Act for Religious Freedom)

Mr. McLaurin's Complaint and each cause of action therein, is barred in its entirety by the Religious Freedom Restoration Act of 1993, 42 U.S.C. §2000bb *et seq.*, as amended, and the Virginia Act for Religious Freedom, Va. Code § 57-1 *et seq.*, to the extent that such claim substantially burdens Liberty's religious exercise.  In particular, although Liberty denies that it

discriminated against Mr. McLaurin based upon his religion, sex or sexual orientation, Liberty's sincerely held religious beliefs constitute a defense to Mr. McLaurin's claim of discrimination on the basis of his religion and his sexual orientation.

## FOURTH DEFENSE

At all applicable times, Liberty acted in good faith and on the basis of legitimate, reasonable and non-discriminatory / non-retaliatory reasons with respect to Mr. McLaurin's employment. Neither Mr. McLaurin's race, sexual orientation, nor religion was (or, collectively, were) a motivating factor(s) in any employment-related decision made by Liberty. To the extent that the Court concludes that an unlawful consideration was a motivating factor, even though it was not, Liberty would have taken all actions respecting Mr. McLaurin's employment even in the absence of any such impermissible factor.

## FIFTH DEFENSE

This Court has no jurisdiction over claims under Title VII or the Virginia Human Rights Act, which exceed the scope of Mr. McLaurin's charge filed with the EEOC because the prerequisites for suit required by such claims have not been satisfied or exhausted and those claims must be dismissed.

## SIXTH DEFENSE

Any claims alleged or sought to be alleged by Plaintiff pursuant to Title VII or the Virginia Human Rights Act concerning alleged acts, policies or practices of Liberty occurring more than 300 days before Mr. McLaurin filed his charge with the Equal Employment Opportunity Commission are barred by the applicable statutory limitations period.

### SEVENTH DEFENSE

In the event that further investigation discloses facts supporting such allegations, Mr. McLaurin has failed to mitigate damages, if in fact any damages are proven.

### EIGHTH DEFENSE

Mr. McLaurin's claims are barred to the extent that he was not prejudiced or damaged by any alleged violation of Title VII, 42 U.S.C. § 1981, or the Virginia Human Rights Act by Liberty.

### NINTH DEFENSE

To the extent that Mr. McLaurin has received monies from third parties relating to the alleged losses in the Complaint, Liberty is entitled to a set-off for all such terms.

### TENTH DEFENSE

Mr. McLaurin cannot recover relief for emotional distress, mental anguish, personal humiliation and other damages as such damages, if caused, were caused by factors other than Liberty's acts or omissions.

### ELEVENTH DEFENSE

To the extent found applicable by discovery, Mr. McLaurin's claims may be barred by the doctrines of equitable estoppel, laches, consent, or unclean hands.

### TWELFTH DEFENSE

Mr. McLaurin, by his actions or otherwise, failed to comply with and avail himself of Liberty's internal policies for addressing complaints, including a policy barring harassment and discrimination in the workplace and setting forth a procedure for addressing such complaints, and, accordingly, Mr. McLaurin is estopped, otherwise has waived, or is precluded from asserting his

claims for damages or other relief. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

## THIRTEENTH DEFENSE

Mr. McLaurin's Complaint fails to allege any facts that would support the imposition of punitive damages against Liberty herein, and the imposition of any such damages would violate the constitutional and/or other rights of Liberty. In particular, pursuant to *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), Liberty should not be subject to liability for punitive damages because Liberty has made good-faith efforts to prevent discriminatory conduct

## FOURTEENTH DEFENSE

Mr. McLaurin's claims are barred, in whole or in part, or are otherwise unavailable as a matter of law because he voluntarily abandoned and/or resigned from his employment with Liberty, and Mr. McLaurin's working conditions were not so intolerable that a reasonable person would be compelled to resign. Liberty never took any adverse action against Mr. McLaurin.

\*\*\*

Liberty is presently without information concerning the availability and applicability of any other affirmative defenses in addition to those pled above and reserves the right to amend its Answer to plead any affirmative defenses or matters of avoidance required by Rule 8(c) of the Federal Rules of Civil Procedure which may be revealed as discovery progresses including but not limited to the after-acquired evidence doctrine.

WHEREFORE, Liberty respectfully requests that this Court enter an order dismissing the Complaint in its entirety and awarding Liberty its costs for defending this suit and for such other relief as the Court may deem appropriate.

<u>Dated</u>: August 24, 2021

                    Respectfully submitted,

                    WOODS ROGERS PLC

*s/ Leah M. Stiegler*
King F. Tower, Esq. (VSB No. 38767)
ktower@woodsrogers.com
Leah M. Stiegler, Esq. (VSB No. 89602)
lstiegler@woodsrogers.com
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
    *Attorneys for LibertyUniversity, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Leah M. Stiegler*
