CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/16/2022

LAURA A. AUSTIN, CLERK
BY:  s/ CARMEN AMOS
DEPUTY CLERK

**IN THE**
**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| **LEEQUAN MCLAURIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Civil Action No. 6:21cv00038** |
| | ) |
| **LIBERTY UNIVERSITY,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

The court granted summary judgment in this employment discrimination case to defendant, Liberty University ("Liberty") which now seeks to recover $5,496.90 in costs from plaintiff LeeQuan McLaurin ("McLaurin"). Dkt. 40. I **RECOMMEND** that the court **GRANT in part** Liberty's motion, award costs in the amount of $5,413.80, and not stay the award pending appeal of the summary judgment decision to the Fourth Circuit.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999)). To overcome this presumption, a court must "justify its decision [to deny costs] by articulating some good reason for doing so." Id. citing Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994). Factors that can justify denying costs include misconduct by the prevailing party, the losing party's inability to pay, excessiveness of the costs in a particular case, the limited value of the prevailing party's victory, and the closeness and difficulty of the issues decided. Id.

Taxable costs fall under six specific categories, as set out in 28 U.S.C. § 1920:

> A judge or clerk of any court in the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under [28 U.S.C. § 1923]; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

28 U.S.C. § 1920. The district court may only tax those costs authorized by statute. See Webb v. Kroger Ltd. P'ship I, No. 7:16-CV-00036, 2017 WL 2651721, at *1 (W.D. Va. June 19, 2017) (citing Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442, 445 (1987)).

Having been awarded summary judgment, Liberty is a prevailing party entitled to an award of costs. See Francisco v. Verizon S., Inc., 272 F.R.D. 436, 441 (E.D. Va. 2011). It is therefore "incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." Ellis v. Grant Thornton LLP, 434 Fed. App'x 232, 235 (4th Cir. 2011) (citing Teague, 35 F.3d at 996). Liberty seeks $5,496.90 in costs, which includes $58.10 to obtain McLaurin's medical records through subpoena duces tecum by private process server, $25.00 for copies of deposition exhibits, and $5,413.80 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  Dkt. 40, 40-1. McLaurin argues that the court should deny Liberty's Bill of Costs because he has "very limited financial means and is unable to pay," the case is on appeal, and recovery of certain costs sought is actually precluded by both 28 U.S.C. § 1920 and the Western District of Virginia's "guidelines of taxable costs." Pl.'s Opp. At 1, Dkt. 44.

McLaurin urges the court to exercise its discretion to deny costs, arguing that he lacks the financial ability to pay any award. A court may consider a party's financial inability to pay in releasing an unsuccessful party from their presumptive obligation to pay costs. Teague, 35 F.3d at 996. However, the court must carefully consider whether the losing party does in fact have

"the effective ability to satisfy [the prevailing party's] bill of costs." Cherry, 186 F.3d at 447.

McLaurin states that his annual income in both 2020 and 2021 was less than $29,000.[1] While he

indicates he has student loans, he does not specify the total amount he owes, any monthly

payment, or any other living expenses, including rent.[2] McLaurin compares his situation to that

of the plaintiff's in Lucas v. Shively, No. 7:13cv55, 2015 WL 2092668 (W.D. Va. May 5, 2015),

where the court denied a bill of costs, in part because the plaintiff in that case earned

"approximately $29,120" and was of "modest means.[3]" However, in Lucas, the court noted that

the plaintiff also "supports his wife and two children" and pays to live in his parents' basement

for $150 a week. Id. at * 3. The Lucas court had the benefit of sworn evidence showing the

financial hardship Lucas would face with an award of costs. McLaurin has not provided evidence

to document his living expenses, either in his brief or at the hearing.[4] See Wyne v. Medo Indus.,

Inc., 329 F. Supp. 2d 584, 588 (D. Md. 2004) (noting it is the losing party's responsibility to

provide adequate documentation of its modest means and inability to pay costs). Without such

documentation, McLaurin has not shown "circumstances sufficient" to overcome the

---

[1] McLaurin submitted evidence showing his income before taxes was $28,490.13 in 2020 and $26,410 in 2021. See Ex. 1, 2 to the Mem. in Opp., Dkt. 44-1, 44-2.

[2] McLaurin indicates the *average* monthly cost of living where he lives is approximately $1,757; however, he provides no documentation on his actual cost of living, merely stating it is "much higher . . . than the average Hampton, Virginia resident." Pl.'s Mem. in Supp. at 3, Dkt. 44.

[3] Further, in Lucas, the court also noted that the closeness and difficulty of the issues weighed in favor of denying costs. Id. McLaurin did not argue this point in his brief, but did mention it at the hearing. In contrast, I find that the issues here, which were decided at the summary judgment stage in a 14-page opinion by Judge Moon, were not "so close or difficult" to justify denying costs. See Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc., No. 5:06-CV-160-D, 2012 WL 776945, at *3 (E.D.N.C. Mar. 8, 2012) (noting that "[a] case resolved via summary judgment generally does not involve close or difficult issues that justify not awarding costs") (citing McDonald v. Petree, 409 F.3d 724, 732 (6th Cir.2005) (affirming the district court's granting of the motion for costs and noting that though the fact that a "case is 'close and difficult' *may* serve as grounds for denying a motion for costs, a district court does not abuse its discretion merely because it awards costs in a 'close and difficult' case")).

[4] At the hearing, McLaurin provided no reasons for his failure to document his living expenses or other expenses to support his argument that he has limited financial means to pay costs.

presumption to award costs. See e.g. King v. E. Shore Water, LLC, Civil No. SKG-11-1482,

2013 WL 4603316, at *3 (D. Md. Aug. 27, 2013) (relying on a financial affidavit to determine

plaintiff "made a clear showing that she is of modest means"); Giles v. United States, No. CV

BPG-18-62, 2020 WL 902526, at *2 (D. Md. Feb. 25, 2020) (finding plaintiff is unable to pay

costs and citing to his affidavit detailing monthly earnings before taxes of $3,840.00, an

additional $3,000.00 per year through a secondary job, as well as monthly expenses of "$1000

per month in rent, $700 per month in child support, $232 per month in health and dental

insurance premiums, []$53 per month for life insurance [and] utilities and groceries for his

seven-person household" and $3,000 in medical debt). Accordingly, McLaurin has not shown an

inability to pay, due to modest means, such that it would be unjust or inequitable to award costs.

McLaurin also asks this court to deny certain costs as not reasonably necessary for the

litigation, specifically Justin Mercer's deposition transcript, and exhibits, as well as the costs

Liberty incurred to subpoena his medical records.[5] The relevant question in awarding costs for a

deposition transcript is "whether it was necessary to counsel's effective performance and proper

handling of the case." Delapp v. Shearer's Foods, Inc., No. 1:15CV00020, 2016 WL 1718395, at

*2 (W.D. Va. Apr. 29, 2016) (citation omitted). Justin Mercer was Liberty's Deputy Diversity

Director, and apparently McLaurin's direct supervisor, and I find that Liberty needed to obtain

his deposition transcript to properly handle this case and prepare its defenses, including its

motion for summary judgment. Indeed, McLaurin submitted Mercer's deposition transcript as

---

[5] McLaurin also asks that the costs of video recording services during his deposition not be awarded. However, Liberty is only asking for these recording costs in the alternative. See Mem. in Supp. at n. 1, Dkt. 40-1. I recommend awarding costs for the deposition transcripts only and not awarding costs for the video recording. To the extent that McLaurin objects to Liberty recovering the costs of the deposition transcript for his deposition, I find that obtaining the transcript of McLaurin's deposition was reasonably necessary for the litigation.

part of his opposition to the motion for summary judgment and the district court cited to Mercer's testimony in the opinion granting summary judgment. Dkt. 29, 36.

McLaurin objects to the $25.00 spent on exhibits for Mercer's deposition, as "beyond the cost of the actual deposition transcript" and cites to several district court cases from this circuit supporting his position. Pl.'s Mem. in Opp. at 7, Dkt. 44. In Delapp, the court denied the cost of the deposition exhibits, noting "district courts in the Fourth Circuit have held that a prevailing party may not tax certain expenses associated with a deposition beyond the cost of the actual transcript itself, such as costs for the inclusion of exhibits . . . ." Id. at * 3. Liberty does not provide any explanation for why the court should change course from this policy set forth in Delapp. See e.g. Selective Way Ins. Co. v. Apple, No. 3:13-CV-00042, 2017 WL 111439 (W.D. Va. Jan. 11, 2017); Drake v. Sci. Applications Int'l Corp., No. 2:17-CV-02664-DCN, 2019 WL 2419662, at *2 (D.S.C. June 10, 2019). Thus, I recommend denying the $25.00 in costs sought for deposition exhibits.

Finally, McLaurin asks the court to deny the $58.10 costs to serve a subpoena duces tecum by private process server, asserting that courts in the Western District of Virginia have denied these costs as not specifically included in § 1920(1). Liberty argues it was only able to obtain McLaurin's medical records by subpoena, as McLaurin "refused to turn over his medical records." D.'s Mem. in Supp. at 4, Dkt. 40-1. However, Liberty does not address McLaurin's argument that these costs are not included in § 1920(1), which lists only "fees of the clerk and marshal" not private process servers. Courts have noted a "trend [in the Western District of Virginia] against allowing the taxing of private process server fees." Scates v. Shenandoah Mem'l Hosp., No. 5:15-CV-00032, 2016 WL 6879269, at *1 (W.D. Va. Nov. 21, 2016) (collecting cases); Qayumi v. Duke Univ., 350 F. Supp. 3d 432, 436 (M.D.N.C. 2018) (noting

that the "Eastern District of Virginia has consistently refused to tax private process server fees as costs" and that the "Western District of Virginia is moving in the same direction"). While this issue is still an open question in the Fourth Circuit[6], because of the trend in this district is against allowing recovery of these costs and because the plain language of §1920(1) does not expressly allow for such recovery, I recommend denying the $58.10 in costs sought to serve a subpoena duces tecum by private process server.

Thus, I recommend denying Liberty's request to include deposition exhibits ($25.00) and private process server fees ($58.10), and thus reducing the $5,496.90 Bill of Costs by $83.10.

I recommend **GRANTING in part** Liberty's motion and awarding costs as follows:

(1) $5,413.80 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

Finally, I do not recommend deferring a ruling on the Bill of Costs pending appeal. McLaurin has offered no reason, beyond a pending appeal, to stay the Bill of Costs. This court has jurisdiction to rule on the Bill of Costs even while an appeal on the merits is pending and "the 'presumption in favor of the taxation of costs' means that 'a district court deciding not to award costs at the customary stage must provide a valid reason.'" Hanwha Azdel, Inc. v. C & D Zodiac, Inc., No. 6:12-CV-00023, 2015 WL 1417058, at *2 (W.D. Va. Mar. 27, 2015) (citation omitted); see also Corepex Techs., Inc. v. WH Administrators, Inc., No. 1:17-CV-26 (LMB/MSN), 2017 WL 11501504, at *2 (E.D. Va. Oct. 2, 2017) (noting that it is not clearly in the interests of judicial economy to defer a Bill of Costs pending appeal as "imposing the

---

[6] However, the "majority of circuit courts recognize private process server fees are also taxable against the non-prevailing party." Schwarz & Schwarz of Va., LLC v. Certain Underwriters at Lloyd's, No. 6:07-cv-42, 2010 WL 452743, at *2–*3 (W.D. Va. Feb. 8, 2010) (collecting cases from different circuits).

taxation of costs now allows [the plaintiff] to bring any appeal related to

the Bill of Costs together with its appeal of the decision on the underlying merits").

The clerk is directed to transmit the record in this case to the Norman K. Moon, Senior

United States District Judge, and to provide copies of this Report and Recommendation to

counsel of record.  Both sides are reminded that pursuant to Rule 72(b), they are entitled to note

any objections to this Report and Recommendation which must be filed within fourteen (14)

days hereof.  Any adjudication of fact or conclusion of law rendered herein by me that is not

specifically objected to within the period prescribed by law may become conclusive upon the

parties.  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual

recitations or findings, as well as to the conclusion reached by me, may be construed by any

reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered:  September 16, 2022

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge