CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/15/2022
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
     DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| LEEQUAN MCLAURIN, | |
| *Plaintiff,* | CASE NO. 6:21-cv-38 |
| v. | ORDER |
| LIBERTY UNIVERSITY, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on the Report & Recommendation of U.S. Magistrate Judge Robert S. Ballou, Dkt. 56 ("R&R"), which recommended this Court (1) grant in part and deny in part Defendant Liberty University's Motion for Bill of Costs, Dkt. 44, and (2) not stay the award pending appeal of the summary judgment decision. Through its motion, Defendant sought $5,496.90 in costs, including $58.10 to obtain Plaintiff's medical records through subpoena duces tecum by private process server, $25,00 for copies of deposition exhibits, and $5,413.80 in fees. Dkt. 40, 40-1. Plaintiff timely filed two objections: First, the R&R wrongly found Plaintiff had not shown an inability to pay such that the Bill of Costs would be unjust or inequitable. Dkt. 58 at 1–3. And second, the R&R wrongly found the issues in the matter were not so close and difficult as to justify denying costs. *Id.* at 3–4. The Court reviews *de novo* the portions of the R&R to which Plaintiff objected. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). The Court overrules both objections, finding Plaintiff failed to show adequate documentation for his inability to pay and the case was not so close and difficult as to justify denying costs.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's R&R within fourteen days. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The district court conducts a *de novo* review of those portions of a magistrate judge's R&R to which the party made specific objections. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *Orpiano*, 687 F.2d at 48. The Court may give a magistrate judge's R&R "such weight as its merit commands and the sound discretion of the judge warrants," *United States v. Raddatz*, 447 U.S. 667, 682–83 (1980) (internal quotations omitted). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). And to overcome this presumption, a court must "justify its decision [to deny costs] by articulating some good reason for doing so. *Id.* (citing *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)). Factors justifying denying costs include misconduct by the prevailing party, the losing party's inability to pay, excessiveness of the costs in a particular case, the limited value of the prevailing party's victory, and the closeness and difficulty of the issues decided. *Id.*

Under 28 U.S.C. § 1920, taxable costs fall under six categories:

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

2

   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
   (5) Docket fees under [28 U.S.C. § 1923]
   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828]

A district court may only tax those costs authorized by statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 445 (1987).

## II.    THE R&R

The R&R recognized Defendant was awarded summary judgment, Dkt. 37, and thus is a prevailing party entitled to an award of costs. R&R at 2 (citing *Francisco v. Version S., Inc.*, 272 F.R.D 436, 661 (E.D. Va.)). Plaintiff must "show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Id.* (citing *Ellis v. Grant Thornton LLP*, 434 Fed. App'x 232, 235 (4th Cir. 2011) (citing *Teague*, 35 F.3d at 996)).

The R&R considered Plaintiff's argument that the Court should deny Defendant's Bill of Costs because Plaintiff has "'very limited financial means and is unable to pay,' the case is on appeal, and recovery of certain costs sought is actually precluded by both 28 U.S.C. § 1920 and the Western District of Virginia's 'guidelines of taxable costs.'" R&R at 2 (citing Dkt. 44 at 1).

The R&R found that Plaintiff did not show "'circumstances sufficient' to overcome the presumption to award costs." *Id.* at 3–4 (citing *King v. E. Shore Water, LLC*, No. SKG-11-1482, 2013 WL 4603316, at *3 (D. Md. Aug. 27, 2013); *Giles v. United States*, No. CV BPG-18-62, 2020 WL 902526, at *2 (D. Md. Feb. 25, 2020)). The R&R recognized that "[a] court may consider a party's financial inability to pay in releasing an unsuccessful party from their presumptive obligations to pay costs," *Id.* at 2 (citing *Teague*, 35 F.3d at 996), but "the court

3

must carefully consider whether the losing party does in fact have 'the effective ability to satisfy [the prevailing party's] bill of costs.'" *Id.* at 2–3 (quoting *Cherry*, 186 F.3d at 447). The R&R considered Plaintiff's ability to pay, recognizing his annual income in both 2020 and 2021 was less than $29,000 and he has student loans, but "he d[id] not specify the total amount he owes, any monthly payment, or any other living expenses, including rent." *Id.* at 3. The R&R compared Plaintiff's situation to the plaintiff in *Lucas v. Shively*, No. 7-13-cv-55, 2015 WL 2092668 (W.D. Va. May 5, 2015), a case in which the court denied a bill of costs. In *Lucas*, the plaintiff earned approximately $29,120, but unlike Plaintiff, the *Lucas* plaintiff also supported his wife and two children and paid $150 per week to live in his parents' basement. The R&R found that Plaintiff "has not shown an inability to pay, due to modest means, such that it would be unjust or inequitable to award costs." R&R at 4.

The R&R also considered Plaintiff's argument that the court should deny certain costs "as not reasonably necessary for the litigation, specifically Justin Mercer's deposition transcript, and exhibits, as well as the costs [Defendant] incurred to subpoena his medical records." *Id.* (internal reference omitted). The R&R recognized "whether it was necessary to counsel's effective performance and proper handling of the case," as the relevant question to determine awarding costs for a deposition transcript. *Id.* (quoting *Delapp v. Shearer's Foods, Inc.*, No. 1-15-cv-00020, 2016 WL 1718395, at *2 (W.D. Va. Apr. 29, 2016) (internal citation omitted)). The R&R determined that, as Justin Mercer was Plaintiff's direct supervisor, Defendant needed Mercer's transcript "to properly handle this case and prepare its defenses, including its motion for summary judgment." *Id.* Thus, the R&R recommended granting the cost of the deposition transcript.

But the R&R recommended denying the $25.00 in costs sought for deposition exhibits related to Justin Mercer's deposition. *Id.* at 5. The R&R recognized that "districts in the Fourth Circuit have held that a prevailing party may not tax certain expenses associated with a deposition beyond the cost of the actual transcript itself, such as costs for the inclusion of exhibits," *id.* (quoting *Delapp*, 2016 WL 1718395, at *3). And Defendant did not "provide any explanation for why the court should change course from this policy." *Id.* (citing *Selective Way Ins. Co. v. Apple*, No. 3:13-CV-00042, 2017 WL 111439 (W.D. Va. Jan. 11, 2017); *Drake v. Sci. Applications Int'l Corp.*, No. 2:17-CV-02664-DCN, 2019 WL 2419662, at *2 (D.S.C. June 10, 2019)).

The R&R also recommended denying the $58.10 costs to serve a subpoena duces tecum by private process server. *Id.* at 5–6. The R&R noted that Defendant failed to address Plaintiff's argument that these costs are not included in § 1920(1), which lists only "'fees of the clerk and marshal' not private process servers." *Id.* at 5 (citing § 1920(1)). And "[c]ourts have noted a 'trend [in the Western District of Virginia] against allowing the taxing of private process server fees.'" *Id.* (citing *Scates v. Shenandoah Mem'l Hosp.*, No. 5:15-cv-00032, 2016 WL 6879269, at *1 (W.D. Va. Nov. 21, 2016); *Qayumi v. Duke Univ.*, 350 F. Supp. 3d 432, 436 (M.D.N.C. 2018)). The R&R ultimately stated that "[w]hile this issue is still an open question in the Fourth Circuit, because [] the trend in this district is against allowing recovery of these costs and because the plain language of § 1920(1) does not expressly allow for such recovery, I recommend denying the $58.10 in costs." *Id.* at 6 (internal reference omitted).

The R&R did not recommend deferring a ruling on the Bill of Costs pending appeal. *Id.* The R&R recognized that, excluding a pending appeal, Plaintiff offered no reason to stay the Bill of Costs. *Id.* And a district court has jurisdiction to rule on the Bill of Costs even when an appeal

on the merits is pending. *Id.* (citing *Hanwha Azdel, Inc. v. C & D Zodiac, Inc.*, No. 6:12-CV-00023, 2015 WL 1417058, at *2 (W.D. Va. Mar. 27, 2015); *Corepex Techs., Inc. v. WH Administrators, Inc.*, No. 1:17-CV-26 (LMB/MSN), 2017 WL 11501504, at *2 (E.D. Va. Oct. 2, 2017)).

### III.     ANALYSIS

#### A. Lack of Adequate Documentation to Show Inability to Pay

Plaintiff first objects to the R&R by claiming it "wrongfully found Plaintiff had not shown an inability to pay such that the Bill of Costs would be unjust or inequitable." Dkt. 58 at 1. Plaintiff claims the R&R "disregarded evidence that established Plaintiff's limited financial means." *Id.* (citing R&R at 2–3). The R&R "disregard[ed] that Plaintiff submitted evidence that his income decreased by over $2,000 in 2021." *Id.* (internal note omitted). And the R&R "disregard[ed] that Plaintiff's counsel informed the Magistrate Judge during the hearing, that Plaintiff is currently unemployed and not receiving any income at this time." *Id.* (internal note omitted). Plaintiff further argues that "the R&R fails to mention that Plaintiff willingly stated at the hearing that Plaintiff would immediately provide [evidence of his modest means], such as on living expenses, rent expenses, college loan amounts, and/or an affidavit demonstrating his difficult financial situation." *Id.* at 2. Yet, "the Magistrate Judge made no such request beyond asking at the hearing if Plaintiff's counsel currently knew such information." *Id.* (internal note omitted). And "the R&R dismisses that Plaintiff established that the average monthly cost of living where Plaintiff lives is $1,757 a month, and that Plaintiff stated that his monthly cost of living was much higher." *Id.* (citing Dkt. 44 at 3).

Plaintiff cites case law in support of his argument that the R&R "wrongfully found that Plaintiff did not present limited financial means" due to "the R&R's failures to (i) officially request the information it states was not present, (ii) account for the decline in Plaintiff's earnings, (iii) consider Plaintiff's unemployment status, and (iv) evaluate the factors establishing Plaintiff's higher than average cost of living, such as coll[e]ge loan debt." *Id.* at 2 (citing *Alcorn v. Crest Ultrasonic Corp.*, No. 7:17-CV-227, 2019 WL 8353308, at *3 (W.D. Va. Mar. 28, 2019); *Trail v. Utility Trailer Manufacturing Company*, No. 1:18-CV-00037, 2020 WL 2039242, at *2 (W.D. Va. Apr. 28, 2020); *Musick v. Dorel Juvenile Group, Inc.*, No. 1:11-CV-00005, 2012 WL 473994, at *1–2 (W.D. Va. Feb. 13, 2012); *Merritt v. Old Dominion Freight Line, Inc.*, No. 6:07-CV-00027, 2009 WL 1362378, at * 1 (W.D. Va. May 15, 2009)).

If a losing party "is of such modest means that it would be unjust or inequitable to enforce Rule 54(d)(1) against him," a court may "act[] within its discretion to deny costs to the prevailing party" if the losing party "provide[s] sufficient documentation establishing his inability to pay costs." *Broccoli v. Echostar Commc'ns Corp.*, 229 F.R.D. 506, 517 (citing *Cherry*, 186 F.3d at 447; *Wyne v. Medo Industries, Inc.*, 329 F. Supp. 2d 584, 588 (D. Md. 2004) (internal citations omitted)). Plaintiff has not provided evidence to document his living expenses. Plaintiff did more than "merely stat[e] that [he] is of 'modest means.'" *Wyne*, 329 F. Supp. at 588 (internal references omitted)). He submitted evidence that his income before taxes was $28,490.13 in 2020 and $26,410 in 2021. Dkts. 44-1, 44-2. And, at the hearing on the bill of costs, "Plaintiff's counsel informed the Magistrate Judge . . . that Plaintiff is currently unemployed." Dkt. 56 at 3.

But it is the losing party's responsibility to provide adequate documentation of its modest means and inability to pay costs, and Plaintiff failed to provide documentation related to his

7

unemployment or student loans. He claimed that he "has a much higher cost of living than the average Hampton, Virginia resident," due to his student loans from when a student at Liberty, but he failed to support the claim with documentation. Dkt. 44 at 3. Other courts within the Fourth Circuit have, for example, relied on financial affidavits to determine a plaintiff is unable to pay costs due to his modest means. *See, e.g.*, *Giles*, 2020 WL 902526, at *2; *King*, 2013 WL 4603316, at *3. And this Court has previously considered whether an unemployed plaintiff believes he "has any prospects for better employment in the future." *Merritt*, 2009 WL 1362378, at *1. But Plaintiff has not provided documentation conveying current unemployment, much less lack of future employment. As he did not provide documentation regarding his student loans and unemployment, the Court finds Plaintiff has not shown inability to pay costs. The Court thus overrules Plaintiff's first objection to the R&R.

### B. Issues Were Not So Close and Difficult to Justify Denying Costs

Plaintiff also objects to the R&R by saying it "wrongfully found that the issues in the matter were not so close and difficult as to justify denying costs." Dkt. 58 at 3. Plaintiff asserts that "the R&R should have interpreted the case's closeness 'not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through, and organize relevant evidence, and by the difficulty of discerning the law of the case.'" *Id.* at 3–4 (citing *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va.) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir. 1986)).

Further analysis proffers the same outcome as the R&R, leading the Court to overrule Plaintiff's second objection. The Fourth Circuit has noted a case as "close and difficult" when it

"was hotly contested at trial and in the previous appeal," legal issues "were not as clear cut," and a legal conclusion "was reached with difficulty and only after a thorough and careful evaluation of [] law." *Id.* at 235. "Courts that have denied awards of costs on th[e basis of a case being close and difficult] have generally done so following trial adjudications of novel issues." *Farrar & Farrar Dairy, Inc. v. Miller-ST. Nazianz, Inc.*, No. 5:06-CV-160-D, 2012 WL 776945, at *3 (E.D.N.C. Mar. 8, 2012) (citing *Ellis*, 434 Fed. App'x at 235; *White*, 786 F.2d at 732; *Turner v. United States*, 736 F. Supp. 2d 980, 1024 (M.D.N.C. 2010); *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237–38 (W.D. Va. 2001)). And courts within the Fourth Circuit have recognized that "[a] case resolved via summary judgment generally does not involve close or difficult issues that justify not awarding costs." *Id.* (citing *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005)).

The Court did not find awarding summary judgment in the instant case to be a close and difficult question. This Court recognized, when granting Defendant summary judgment, "[t]he facts relevant to the *Faragher/Ellerth* defense are not seriously in dispute." Dkt. 36 at 2. The Court presented Plaintiff's discrimination and Title VII claims as "f[l]ounder[ing]." *Id.* at 12. The Court ultimately held that "[b]ecause [Plaintiff] did not afford [Defendant] an opportunity to address his allegations, and because he has not alleged any facts that would justify breaching the safe harbor established by *Faragher* and *Ellerth*, the Court will grant Liberty's motion to dismiss." *Id.* at 14. This was not a situation in which the case was "'close and difficult,' because (1) judgment was reversed on appeal, [or] (2) in the district court's view [the losing party] would have prevailed if the case had been remanded for a retrial." *Ellis*, 434 Fed. App'x at 234.

Thus, the Court rejects Plaintiff's objections to the R&R and grants the R&R in full.

9

It is so **ORDERED**.

The Clerk of Court is hereby directed to send a copy of this Order to all counsel of record.

ENTERED this ___15th___ day of November, 2022.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE